IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRED E. HUGHES, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 09-118J |
| | ) Magistrate Judge Bissoon |
| BLAIR COUNTY, *et al.*, | ) |
| Respondents. | ) |

## **MEMORANDUM AND ORDER**

Fred E. Hughes presently is incarcerated at the State Correctional Institution at Laurel Highlands, located in Somerset, Pennsylvania. Hughes asserts in his Petition for Writ of Habeas Corpus that the Pennsylvania Department of Corrections ("DOC") has incorrectly calculated his sentence, and that he is now incarcerated beyond the maximum sentence imposed by the state court. The DOC responded (Docs. 10, 14) and states that it has recalculated Petitioner's sentence, resulting in change in his maximum date from November 25, 2009, to November 12, 2009. Petitioner asserts that this change falls far short of the proper calculation (Doc. 15). The parties have consented to the undersigned exercising jurisdiction in this matter (Docs. 12, 13).

The records submitted by the parties reveal that Petitioner was arrested in Florida on January 1, 2006, and has been incarcerated since that date. Charges were ultimately dropped in Florida, and Petitioner was returned to Pennsylvania on November 25, 2006 (Doc. 10-2, p. 25). On January 4, 2007, Petitioner's parole was revoked at CP-07-CR-0000752-2003 in the Court of Common Pleas of Blair County, Pennsylvania, and he was resentenced to his "recalculated max date" (Doc. 10-2, pp. 42-43). The sentencing court left the calculation of the new maximum date to the Blair County Adult Probation and Parole Office, which calculated the back time owed as 9 months (Doc. 10-2, p. 47). Petitioner was sentenced on new charges at CP-07-0002696-2006 to

18 to 36 months incarceration on November 16, 2007 (Doc. 6, pp. 5-8).  The sentencing court expressly ordered that Petitioner be given credit for time served from the date of his arrest in Florida through January 4, 2007, but noted that Petitioner was not entitled to credit for the parole violation sentence imposed on January 4, 2007 (Id., p. 6).

As noted above, the DOC concedes that it initially failed to credit Petitioner for time served in accordance with the state court's November 16, 2007 sentencing order.  The DOC's latest calculation of Petitioner's maximum date shows that he has been given credit for time served from January 1, 2006, through January 4, 2007, and that his new maximum date is November 12, 2007 (Doc 14-2, p. 2).  The Court agrees with Petitioner that the DOC's calculation is wrong.  Petitioner has been continuously incarcerated since January 1, 2006.  The only sentences imposed were 9 months for a parole violation, and 18 to 36 months on the new charges, for a total maximum of 45 months incarceration.  Petitioner's maximum sentence should be 45 months after January 1, 2006, or October 1, 2009.  The DOC has not explained why Petitioner should serve more than the 45 month maximum of his combined sentences.[1]

The DOC contends that Petitioner's claim is time-barred since he was first told of the calculation of his sentence on February 6, 2008.  Even accepting the DOC's argument, there is

---

1   The Court believes the DOC's error is in failing to give Petitioner credit for time served from October 4, 2007, through November 16, 2007.  Petitioner was expressly given credit against his 18 to 36 month sentence at CP-07-0002696-2006 for time spent in custody from January 1, 2006, through January 4, 2007 (1 year and 3 days).  He then served 9 months back time on his parole violation, which expired on October 4, 2007.  At that time, Petitioner had served the maximum on his parole violation sentence, and still owed 3 days less than 2 years on his 18 to 36 month sentence.  This should have resulted in a maximum release date of October 1, 2009.  The DOC, however, apparently began to again credit the remainder of Petitioner's 18 to 36 month sentence on the date it imposed, November 16, 2007, giving Petitioner a release date of November 12, 2009.  It cannot have been the state court's intention that Petitioner not receive credit for time served from October 4, 2007, through November 16, 2007.  In fact, such a result would be contrary to Pennsylvania law, which provides that "all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based" must be credited.  42 Pa.C.S.A. § 9760(1).

now a new calculation that was issued on July 16, 2009 (Doc. 10-2, p. 2).  Thus, the statute of limitations does not bar review of Petitioner's claim that the DOC has failed to properly calculate his release date.

The DOC also contends that Petitioner has not exhausted available state court remedies.  The Pennsylvania Commonwealth Court has original jurisdiction over claims alleging an improper calculation of a criminal sentence.  Detar v. Beard, 898 A.2d 26, 29 (Pa.Cmwlth.Ct.2006).  Petitioner did not present his claims to the Commonwealth Court, but his failure to exhaust state court remedies may be excused since he is now time-barred from filing such an appeal in the state courts.  37 Pa. Code § 73.1(b)(1) (appeals to Commonwealth Court must be made within 30 days of a decision by the Board of Probation and Parole);  Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (failure to exhaust may be excused where state court appeal is now time-barred).  There is, therefore, no procedural bar to the instant petition.

AND NOW, this 29th day of September, 2009,

IT IS HEREBY ORDERED that the instant Petition for Writ of Habeas Corpus is GRANTED.  Respondent the Pennsylvania Department of Corrections is directed to release Petitioner from custody no later than October 1, 2009.

s/Cathy Bissoon<br>
CATHY BISSOON<br>
UNITED STATE MAGISTRATE JUDGE

Cc:
**FRED E. HUGHES**
HJ-0952
SCI Laurel Highlands
5706 Glades Pike
P.O. Box 631
Somerset, PA 15501